**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JERROLD DAGANS, #B19479,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 14-cv-00316-JPG** |
| | ) | |
| **J. SCHORNBACK, C. HASEMEYER,** | ) | |
| **D. CHILDERS, MAJOR CAWAN,** | ) | |
| **D. MITCHELL and R. NEWELL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate who is currently incarcerated at Stateville Correctional Center ("Stateville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff's claims arise from an allegedly false disciplinary ticket he received at Menard Correctional Center ("Menard") in 2012, which resulted in his transfer to Tamms Correctional Center ("Tamms") and his extended confinement in segregation (Doc. 1, p. 5). Plaintiff now sues four Menard officials and two Tamms officials for alleged violations of Illinois criminal law. He seeks compensatory damages, state back pay, and a prison transfer (Doc. 1, p. 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility."  *Id*. at 557.  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**<u>The Complaint</u>**

According to the complaint, Plaintiff was involved in an altercation with another inmate at Menard on May 25, 2012 (Doc. 1, p. 5).  As a result, he was issued a disciplinary ticket for fighting, causing a dangerous disturbance, and disobeying a direct order (Doc. 1, p. 10).  Plaintiff was immediately placed in segregation and transferred to Tamms the following month. This disciplinary ticket is not in dispute.

Plaintiff's claims instead arise from a second disciplinary ticket he received in connection with the May 2012 altercation.  On July 11, 2012, Plaintiff was issued a ticket for carrying

dangerous contraband during the May altercation (Doc. 1, pp. 11, 13).  This ticket followed a series of interviews with Menard officials, in which Plaintiff was accused of but denied owning a homemade weapon.  The complaint alleges that Plaintiff was issued the ticket because he failed to cooperate with an investigation into gang-related activities by Menard officials.

Plaintiff maintained his innocence from "day one" (Doc. 1, p. 5).  Even so, he was found guilty of the violation at an adjustment committee hearing[1] on July 24, 2012 (Doc. 1, pp. 13-14).  After fourteen months, Plaintiff's ticket was expunged, following an investigation and review by the administrative review board ("A.R.B.") (Doc. 1, p. 6).  Even so, Plaintiff continues to be held in administrative detention (Doc. 1, p. 8).  He alleges that the A.R.B. "failed to respond within [a] re[a]sonable time to obtain proper relief."

Plaintiff now sues Defendants for intentional and malicious violations of Illinois law (Doc. 1, p. 8).  According to the complaint, Defendants are each guilty of five separate felonies under Illinois law, including official misconduct, intimidation, obstruction of justice, disorderly conduct, and criminal conspiracy (Doc. 1, pp. 15-18).  Plaintiff seeks a prison transfer, compensatory damages, and state back pay.

## Discussion

After carefully reviewing the allegations in Plaintiff's complaint, the Court finds that it has no subject matter jurisdiction to hear this case.  The complaint poses no actual federal question.  *See* 28 U.S.C. § 1331 (granting district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").  "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'"

---

[1] Without providing many details, the complaint alludes to possible procedural defects in the disciplinary hearing, such as Plaintiff's inability to call witnesses or review surveillance videos.

*Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983).  Despite suing Defendants under § 1983, Plaintiff does not allege that Defendants violated his rights under any federal laws or the U.S. Constitution.  Therefore, subject matter jurisdiction does not arise under 28 U.S.C. § 1331 based on a federal question.

Subject matter jurisdiction does not arise based on diversity of citizenship either. *See* 28 U.S.C. § 1332 (granting district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . .").  The complaint includes no allegations suggesting that the requirements for diversity jurisdiction are satisfied.  Given the fact that an Illinois prisoner is suing Illinois officials, it does not appear that diversity jurisdiction exists.

Plaintiff would have difficulty bringing his claims in any court, whether federal or state. Plaintiff's claims are limited to state *criminal* claims against Defendants.  Criminal statutes do not provide for private civil causes of action.  *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (holding that private citizens cannot compel enforcement of criminal law).  In other words, Plaintiff cannot proceed against Defendants on criminal claims at all.

As pleaded, the complaint must be dismissed for lack of subject matter jurisdiction. However, the dismissal shall be without prejudice, and Plaintiff shall be granted leave to file a "First Amended Complaint" addressing the defects in his pleading noted below, if he wishes to pursue his claims against Defendants.  Plaintiff is **INSTRUCTED** to file a proper § 1983 complaint with this Court within 35 days of the date of this order.  Failure to follow the Court's instructions will result in dismissal of this action for failure to state a claim under § 1915A.

The Clerk of Court is **INSTRUCTED** to send Plaintiff the appropriate form to submit a § 1983 claim.

**First Amended Complaint**

When filing his amended complaint, Plaintiff should label the pleading "First Amended Complaint." He should also use *this* case number. Plaintiff must indicate whether he is bringing this action pursuant to 42 U.S.C. § 1983 or some other law. Plaintiff should be careful to include sufficient facts to demonstrate that each defendant violated his rights—constitutional or otherwise. As the events giving rise to this action began in May 2012, Plaintiff must be mindful of the impending statute of limitations deadline for any state or federal claims and file his amended pleading with this Court, or a separate complaint in state court, before the statute of limitations expires.

With this in mind, the Court turns to the potential substantive claims raised by Plaintiff, and the legal standard governing each.

1.      **Due Process Claim**

According to the allegations, Plaintiff may have been denied due process under the Fourteenth Amendment in conjunction with his disciplinary ticket, disciplinary hearing, or its expungement. Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988). In addition, the decision of the

disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

It is unclear whether Plaintiff's due process rights were violated under the above-stated standard. Plaintiff is therefore granted leave to address this claim in his First Amended Complaint.

## 2.      Retaliation

The complaint also mentions, but does not develop, a retaliation claim. In the prison context, where an inmate is alleging retaliation, it is not enough to simply state the cause of action. The inmate must identify the reasons that retaliation has been taken, as well as "the act or acts claimed to have constituted retaliation," so as to put those charged with the retaliation on notice of the claim(s). *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Plaintiff shall be given one more opportunity to plead a retaliation claim against Defendants in his First Amended Complaint.

## 3.      Conspiracy

It is clear that Plaintiff intended to assert a conspiracy claim, albeit a criminal claim, against Defendants. Although his claim for criminal conspiracy cannot proceed, civil conspiracy claims may be cognizable under § 1983. *See Lewis v. Washington*, 300 F.3d 829, 831 (7th Cir. 2002) (recognizing conspiracy claim under section 1983). "[I]t is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date. . . ." *Walker v. Thompson*, 288 F.3d 1005, 1007-08 (7th Cir. 2002). *See also Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003); *Tierney v. Vahle*, 304 F.3d 734, 740 (7th Cir. 2002). Plaintiff shall

have one more opportunity to assert a civil conspiracy claim against Defendants in the First Amended Complaint.

**Pending Motions**

Plaintiff filed a motion for recruitment of counsel (Doc. 2), which is hereby **HELD IN ABEYANCE** until the Court receives Plaintiff's First Amended Complaint.

Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which shall be addressed in a separate Order.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim upon which relief can be granted.  Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before May 13, 2014**  Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case may be dismissed with prejudice.  FED. R. APP. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions.  He should label the form, "First Amended Complaint," and he should use the case number for *this* action.  The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits.  Plaintiff should *include only related claims* in his new

complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* Fed. R. App. P. 41(b).

---

[2] Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 3), which is currently pending. If the motion is granted, the filing fee is $350.00.  If the motion is denied, Plaintiff will instead be obligated to pay the full $400.00 filing fee.

**IT IS SO ORDERED.**

**DATED:  April 8, 2014**

_s/ J. Phil Gilbert_
**U.S. District Judge**