**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JARROLD DAGANS, #B19479,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **Case No. 14-cv-00316-JPG** |
| | ) |
| **J. SCHORNBACK, C. HASEMEYER,** | ) |
| **D. CHILDERS, MAJOR CAWAN,** | ) |
| **D. MITCHELL and R. NEWELL,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of Plaintiff Jarrold Dagan's First Amended Complaint pursuant to 28 U.S.C. § 1915A (Doc. 11).  Plaintiff, an inmate at Stateville Correctional Center ("Stateville"), filed his original complaint on March 10, 2014 (Doc. 1).  In the original pleading, he asserted claims under Illinois criminal law against six officials at Menard Correctional Center, arising from the 2012 issuance of a false disciplinary ticket, transfer to Tamms Correctional Center ("Tamms"), and extended period of confinement in segregation (Doc. 1, p. 5).  On April 8, 2014, this Court dismissed the complaint for failure to state a claim upon which relief may be granted (Doc. 8).  However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint by May 13, 2014 (Doc. 8, p. 7).  Plaintiff filed his First Amended Complaint ("amended complaint") on May 13, 2014.  It is therefore timely.

**Merits Review Under 28 U.S.C. § 1915A**

This case is once again before the Court for preliminary review, this time for review of the amended complaint.  Under § 1915A, the Court is required to promptly screen prisoner

complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint, Plaintiff was involved in an altercation with another inmate at Menard on May 25, 2012 (Doc. 11, p. 8).  As a result, he was issued a disciplinary ticket, placed in segregation, and transferred to Tamms (Doc. 11, p. 7).

2

Plaintiff's claims under the Eighth and Fourteenth Amendments arise from a second disciplinary ticket he received in connection with the May 2012 altercation (Doc. 11, p. 8). On July 11, 2012, Plaintiff was issued a ticket for carrying dangerous contraband. His first disciplinary ticket made no mention of this.  Further, the second ticket followed a series of interviews with Menard officials, including Defendants Schornback, Hasemeyer, Childers, and Cawan, in which Plaintiff was repeatedly asked about gang activity (Doc. 11, pp. 8, 11). When he "failed to answer as these defendants wanted," he was threatened with six months of segregation, a false disciplinary ticket, and ten years at Tamms (Doc. 11, pp. 8-9).

Plaintiff received an unfair adjustment committee hearing on the second ticket, which resulted in a finding of guilt (Doc. 11, p. 10).  Defendants Mitchell and Newell presided over the hearing (Doc. 11, p. 14).  No clear evidence was presented, showing that Plaintiff was in possession of a weapon during the May 2012 altercation (Doc. 1, p. 10).  He was denied the opportunity to call any witnesses or present documentary or physical evidence.  His request to show surveillance camera footage was denied, as was his request for a continuance (Doc. 11, p. 11).

Plaintiff was punished with segregation and transferred to Tamms.  There, he remained in segregation until the facility closed.  Plaintiff was subsequently transferred to Pontiac Correctional Center ("Pontiac") and Stateville, where he was placed in administrative segregation (Doc. 11, p. 15).  In all, Plaintiff endured nearly two years of segregation on a disciplinary ticket that was ultimately expunged (Doc. 11, pp. 9, 15).

Plaintiff complains of generally deplorable conditions in segregation (Doc. 11, pp. 13, 15-16).  He alleges that he was allowed only limited opportunities for recreational activities. He suffered severe mental and physical deterioration (Doc. 11, pp. 15-16).

3

Plaintiff now sues Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell for violating his right to due process of law under the Fourteenth Amendment and for subjecting him to cruel and unusual punishment under the Eighth Amendment.  He also claims that Defendants conspired to retaliate against him by issuing him a false disciplinary ticket after he failed to provide the answers Defendants wanted during his multiple interviews addressing gang activity (Doc. 11, p. 15).  Plaintiff seeks monetary damages (Doc. 11, p. 18).

## Discussion

After carefully reviewing the allegations, the Court finds that the amended complaint states a colorable retaliation claim (**Count 1**) and conspiracy claim (**Count 2**) against Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell, based on the law previously set forth in this Court's dismissal order (Doc. 8).

In addition, Plaintiff shall be allowed to proceed on a Fourteenth Amendment due process claim (**Count 3**) against Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell, based on allegations that Defendants conducted an unfair disciplinary hearing on a false disciplinary ticket that resulted in Plaintiff's confinement in segregation for almost two years. An "inmate's liberty interest in avoiding segregation is limited." *Hardaway v. Meyerhoff, et al.*, 734 F.3d 740 (7th Cir. 2013) (quoting *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009)).  Under certain circumstances, however, an inmate punished with segregation can pursue a claim for deprivation of a liberty interest without due process of law. *See Marion*, 559 F.3d at 697-98.  Those circumstances are arguably present in this case.

Plaintiff alleges that he was issued a false disciplinary ticket.  Although allegations of false disciplinary reports do not state a claim where due process is afforded, Plaintiff also alleges that he was denied due process of law at his disciplinary hearing.

*See Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citing *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)).   The amended complaint suggests that the disciplinary hearing violated the requirements for due process set forth in *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

In addition, Plaintiff was punished with almost two years in segregation and transferred to Tamms.   Whether a protected liberty interest is implicated by Plaintiff's confinement depends on whether that confinement "imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"   *Hardaway*, 734 F.3d at 743 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)).   Courts must consider two factors in determining whether disciplinary segregation imposes atypical and significant hardships: "the combined import of the duration of the segregative confinement *and* the conditions endured."   *Id.*  at 743 (citing *Marion*, 559 F.3d at 697-98) (emphasis in original)).

In terms of duration, the Seventh Circuit has held that "relatively short terms of segregation rarely give rise to a prisoner's liberty interest" in the absence of exceptionally harsh conditions.  *Id.* at 743.   For these relatively short periods, inquiry into the specific conditions of confinement is unnecessary.  *See, e.g., Holly v. Woolfolk,* 415 F.3d 678, 679 (7th Cir. 2005) (2 days); *Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (59 days); *Hoskins v. Lenear*, 395 F.3d 372, 374-75 (7th Cir. 2005) (60 days) *Thomas v. Ramos*, 130 F.3d 754, 761 (7th Cir. 1998) (holding that no liberty interest was implicated when considering prisoner's twelve-year sentence) (70 days).   However, a liberty interest may arise from longer terms of confinement, triggering the need for further factual inquiry into the conditions of a prisoner's confinement. *See, e.g., Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (analyzing conditions of confinement but noting that prisoner's segregation "was still not so long as to work an atypical

5

and significant hardship) (90 days); *Whitford v. Boglino*, 63 F.3d 527, 533 (7th Cir. 1995) (remanding for factual inquiry into conditions of prisoner's confinement in disciplinary segregation that lasted six months); *Marion*, 559 F.3d at 698 (holding that the issue of whether 240 days in disciplinary segregation would implicate protected liberty interest could not be decided at pleading stage).

When considering conditions, the Seventh Circuit has instructed district courts to consider the *actual* conditions of confinement, in order to determine whether a liberty interest is implicated.   This entails a fact-based inquiry into all of the circumstances of the prisoner's confinement.  *Marion*, 559 F.3d at 699 (citations omitted).  Along these lines, the Supreme Court has determined that state inmates have a liberty interest under the due process clause of the Fourteenth Amendment in avoiding placement at the state's "supermax" prison.  *See Wilkinson v. Austin*, 545 U.S. 209 (2005).  Based on *Wilkinson*, the Seventh Circuit determined that the conditions at Tamms, the Illinois "supermax" prison, may pose an atypical and significant hardship in relation to the ordinary incidents of prison life.  *See Westefer v. Snyder*, 422 F.3d 570, 589-90 (7th Cir. 2005) (finding that the differences between the conditions at Tamms and the conditions at the Ohio State Penitentiary (analyzed in *Wilkinson*) are not "so qualitatively different as to require a different characterization of the facility for purposes of due process analysis under *Wilkinson*").

Given these considerations, the Court cannot dismiss Plaintiff's due process claims at this point in the litigation.  Further factual inquiry into the conditions of Plaintiff's confinement in segregation is necessary given its length.  Plaintiff shall be allowed to proceed with **Count 3** against Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell.

Likewise, Plaintiff shall be allowed to proceed with his Eighth Amendment claim (**Count 4**) against Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell. Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). Prisoners cannot expect the "amenities, conveniences, and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). Here, Plaintiff claims that he was transferred to the state's supermax prison and subjected to deplorable conditions in segregation for false charges that were later expunged, based on the malicious conduct of Defendants. During his almost two-year confinement in segregation, he had limited access to recreation and suffered severe emotional and physical decline. Although this claim certainly requires further factual development, the Court cannot dismiss **Count 4** against Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell at this time.

In summary, Plaintiff shall be allowed to proceed with **Counts 1-4** against Defendants Schornback, Hasemeyer, Childers, Cawan, Mitchell, and Newell.

**Pending Motion**

Plaintiff filed a motion for recruitment of counsel (Doc. 2), which is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier**.

**Disposition**

**AS TO COUNTS 1, 2, 3,** and **4**, the Clerk of Court shall prepare for **DEFENDANTS SCHORNBACK, HASEMEYER, CHILDERS, CAWAN, MITCHELL,** and **NEWELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms,

a copy of the amended complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the amended complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 2).  Further, this entire matter shall be

8

**REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

        **IT IS SO ORDERED.**

        **DATED:  June 26, 2014**

                                      ***s/ J. Phil Gilbert***
                                      **U.S. District Judge**