IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JARROLD DAGANS

    Plaintiff,

vs.

J. SCHORNBACK, et al.,

    Defendants.

Case No. 14-cv-316-SMY-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court Defendants' Objection to Magistrate Judge Philip M. Frazier's Order on Motion to Vacate, Motion for Leave to File, Motion to Withdraw, Motion for Extension of Time to File, and Motion for Summary Judgment (Doc. 76). For the following reasons, Defendants' Objections are **OVERRULED**.

Judge Frazier issued an order on May 7, 2015 denying Defendants' Motion to Vacate Entry of Default, Motion for Leave to File Answers Out of Time, and Motion for Extension of Time to File a Dispositive Motion. (Doc. 73). In the same Order, Judge Frazier also granted in part and denied in part Defendants' Motion to Withdraw Admissions and struck Defendants' Motion for Summary Judgment. Defendants' filed an objection to the Order, stating that the attorney assigned to the matter had an extensive caseload and was overwhelmed, leading to the neglect and mismanagement of this case. That attorney is no longer on the case, and a new attorney with the Attorney General's Office has recently been assigned. Essentially, Defendants are seeking a "second chance" at properly litigating this matter.

Once a pretrial matter is referred to a Magistrate and the Magistrate's order is appealed to the District Court, the subject matter of the ruling is to be categorized under Fed.R.Civ.P. 72 as either "dispositive" or "non-dispositive" in order to determine the appropriate standard of review to be exercised by the district judge. If the motion at issue is non-dispositive, a district court is to disturb the magistrate's order only if it is shown that the ruling is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). If, on

the other hand, the motion ruled upon is found to be dispositive, then the district court is to conduct a de novo review of that decision. Fed.R.Civ.P. 72(b).

In this case, none of the motions under review are dispositive. Accordingly, the Court must determine if Judge Frazier's Order is clearly erroneous. In doing so, the Court will not consider evidence or arguments that were not before Judge Frazier as the District Court's review of a Magistrate Judge's non-dispositive ruling under FRCP 72(a) is limited to the evidence that was before the Magistrate Judge. *Compare* Fed.R.Civ.P. 72(a) (discussing disposition of non-dispositive matters by magistrate judges without mention of "receiving further evidence") *with* Fed.R.Civ.P. 72(b) (discussing disposition of dispositive matters by magistrate judges, and expressly allowing the receipt of "further evidence"). Defendants had ample time and opportunity to brief and support their Motions with evidence submitted to the Magistrate Judge for his ruling and are not entitled under the Federal Rules to a "redo" on their motions where all evidence and arguments submitted to the Court was available at the time the motions were filed.

Regarding the Motion to Set Aside Default, the Magistrate Judge ruled that Defendant Newell did not show good cause for his default, take quick action to correct it, or present facts supporting a meritorious defense to the complaint as required by Fed. R. Civ. P. 55(c). "[C]areless reliance ... is no less than a deliberate and willful abdication of [the party's] legal responsibility to protect its own interests in the litigation." *Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir.1991). Further, "[m]aintaining communication during the course of litigation is the responsibility of both attorneys and their clients. Mere lack of communication does not excuse compliance with the rules, or from the penalties for failing to do so." *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir.1994). Busy schedules and employee changes are considered "routine back-office problems" and are not "good cause" for failure to participate in litigation. *Connecticut Nat'l Mortgage Co. v. Brandstatter*, 897 F.2d 883, 884-85 (7th Cir.1990). Defendants state that the inattention of the attorney led to the default and failure to defend the case. However, electronic notice of deadlines for responsive pleadings was sent not only to the attorney assigned the case, but to four other individuals employed by

the Illinois Attorney General's Office. Default was entered on January 30, 2015, and a Motion to Vacate was not filed until March 30, 2015. Further, there has been no factual and legal showing of a meritorious defense.

Defendants also object to the Order Denying their Motion for Leave to File Answers Instanter. The request for more time is evaluated under Rule 6(b) of the Federal Rules of Civil Procedure, which requires a showing of excusable neglect. Attorney carelessness can constitute excusable neglect but "attorney inattentiveness to litigation is not excusable." Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004). Judge Frazier ruled that "[t]he Court is not satisfied that neglect to prepare a responsive pleading over a period of six months is excusable here, where the delay seems to have been a product of counsel's high workload and difficult client communications (Doc. Nos. 32, 43, 47, 52)." See *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 883 (7th Cir. 2012)."

In support of both the Motion to Vacate Entry of Default and Motion to File Answer Instanter, Defendants cite to the Prisoner Litigation Reform Act and argue that a Court cannot grant relief to a plaintiff "unless a reply has been filed." 42 U.S.C. §1997e(g)(1). The threshold order specifically directs Defendants to answer plaintiff's complaint and states he "shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Defendants were therefore required to answer or otherwise respond to plaintiff's Complaint within the time allotted. Defendant's reliance on *Vinning v. Walls*, 2009 WL 839052 (S.D. Ill. 2009) is misplaced. Entry of default is not barred by the PLRA where a defendant does not file an answer. While the Plaintiff will not be able to obtain relief, the Court may still impose sanctions on defendants for failure to comply with the Court's Order (Doc. 13) pursuant to its inherent authority to sanction "a full range of litigation abuses." See *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–50, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991); see also *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 757 (7th Cir.2008).

Defendants' next objection is to Magistrate Judge Frazier's ruling denying the Motion to Withdraw Admissions as to Defendants Newell. The motion was considered under Rule 36 of the Federal Rules of Civil Procedure, which allows withdrawal to promote presentation of the merits when a requesting party will not be prejudiced. Defendant Newell was represented by an attorney and failed to

file a response during the period authorized for discovery after obtaining 2 extensions. The Magistrate Judge inferred prejudice to plaintiff in those circumstances.

Defendants' final objection is to Judge Frazier's ruling denying the Motion for Extension of Time to File Motions for Summary Judgment. The Magistrate considered the Motion under Rule 16(b) of the Federal Rules of Civil Procedure, which provides that scheduling deadlines may be altered upon a showing of good cause. Judge Frazier ruled that Defendants and their counsel "had information regarding Dagan's claims in their possession or control, such that they could have complied with the March 20, 2015, deadline with the exercise of reasonable diligence." Failure of an attorney to handle a caseload and to comply with deadlines is not good cause.

As Magistrate Judge Frazier's rulings on these Motions were not clearly erroneous or contrary to law, they will not be disturbed, and Defendants' Objections are **OVERRULED.**

**IT IS SO ORDERED.**

**DATED:**  July 1, 2015

s/ Staci M. Yandle<br>
**STACI M. YANDLE**<br>
**DISTRICT JUDGE**